BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

JASON M. FRIERSON
United States Attorney
District of Nevada
Nevada Bar No. 7709
REEM BLAIK
Assistant United States Attorney
Nevada Bar No. 16386
U.S. Attorney's Office
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Reem.Blaik@usdoj.gov

JAMIE A. YAVELBERG
ROBERT J. MCAULIFFE
ANTHONY D. GILL
Attorneys, Civil Fraud Section
U.S. Department of Justice
175 N St. N.E.
Washington, DC 20002
(202) 305-2335
Anthony.D.Gill@usdoj.gov

*Attorneys for the United States*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| United States of America ex rel. CMB Export, LLC,<br><br>Plaintiff,<br><br>v.<br><br>Tonopah Solar Energy, LLC, et al.,<br><br>Defendants. | Case No.: 2:20-cv-00196-JCM-DJA<br><br>**United States' Notice of Intervention and Motion to Dismiss Pursuant to 31 U.S.C. §§ 3730(c)(3) and 3730(c)(2)(A)** |

Plaintiff, the United States of America, moves to intervene in and dismiss this action under 31 U.S.C. §§ 3730(c)(3) and (c)(2)(A) of the False Claims Act ("FCA"). Good cause exists to permit intervention because the United States seeks to dismiss this action. The United States is entitled to dismissal under *United States ex rel. Polansky v. Executive Health Resources, Inc.*, 599 U.S. 419 (2023), and Fed. R. Civ. P. 41(a)(1), because it seeks dismissal before Defendants

1  have filed an answer or motion for summary judgment. Therefore, the United States' motion
2  should be granted in its entirety.
3       Respectfully submitted this 7th day of November 2024.

    Respectfully submitted,

    JASON M. FRIERSON
    United States Attorney

    */s/ Reem Blaik*
    REEM BLAIK
    Assistant United States Attorney

## Memorandum of Points and Authorities

### I. Background

**A.     False Claims Act Overview**

The FCA imposes civil penalties and treble damages, in part, on any person or entity that (1) "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval," in violation of 31 U.S.C. § 3729(a)(1)(A), and (2) "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim," in violation of § 3729(a)(1)(B). *See* 31 U.S.C. §§ 3729–33. Civil suits to enforce the FCA may be filed by the Attorney General, or by a private person who files suit "for the person and for the United States Government" in the name of the United States. *Id.* §§ 3730(a), (b)(1). The private person is known as a "relator" and the suit is called a "*qui tam*" action. *See id.* § 3730(b)(1).

After investigating the claims raised in a *qui tam* action, the FCA requires the United States to notify the court whether it will intervene in the action or decline to take over the action. 31 U.S.C. § 3730(b)(4). Where the United States intervenes, the United States assumes "the primary responsibility for prosecuting the action" and is not bound by any act of the relator. *Id.* § 3730(c)(1). As the party with primary responsibility over the action, the United States may proceed with the action, settle the case over the relator's objection, or dismiss the case over the relator's objection. *Id.* §§ 3730(c)(2)(A)–(B). If the United States declines to intervene, "the person bringing the action shall have the right to conduct the action." *Id.* § 3730(b)(4). But even after declining to intervene, the United States may still intervene "upon a showing of good cause," in which case it then assumes primary responsibility for the action and assumes all the same rights described above. *Id.* § 3730(c)(3).

**B.     The *Qui Tam* Action**

In this instant case, Relator CMB Export, LLC ("Relator") filed a *qui tam* action under the FCA on January 29, 2020, on behalf of the United States. Relator filed the *qui tam* against Tonopah Solar Energy, LLC and other defendants involved in the construction of the Crescent Dunes solar power plant in Tonopah, Nevada ("Defendants"). ECF No. 1. Relator alleges that Defendants submitted false claims to the U.S. Department of the Treasury (the "Treasury") in

connection with a grant application to help fund the construction of the Crescent Dunes project. Relator alleges that Tonopah Solar Energy, LLC ("TSE") received a grant of $275 million from the Treasury as a result of the false claim. On September 9, 2020, Relator filed a First Amended Complaint that amended factual allegations but did not amend the parties or causes of action. ECF No. 9. After conducting an investigation, the United States filed a notice of declination on June 1, 2023 (ECF No. 24), and the case was unsealed on August 22, 2023 (ECF No. 27). Relator filed a Second Amended Complaint ("SAC") on April 19, 2024, that did not amend the causes of action, but did amend the factual allegations and add a new defendant. ECF No. 39. Thereafter, Relator and Defendants stipulated to extend Defendants' time to respond to the SAC until November 8, 2024 (ECF No. 55), which the Court granted (ECF No. 56). No answer or motion for summary judgment has been filed in response to any of the three complaints.

## II.  Analysis

**A.  The United States' Motion to Intervene Should Be Granted Because the United States Has Good Cause to Intervene for the Purpose of Dismissal.**

The United States has good cause to intervene in this *qui tam* action for the purpose of dismissal. The Supreme Court held in *United States ex rel. Polansky v. Executive Health Resources, Inc.*, 599 U.S. 419 (2023), that if the United States wishes to dismiss a *qui tam* suit pursuant to 31 U.S.C. § 3730(c)(2)(A), it must first intervene and become a party. *Polansky*, 599 U.S. at 430–31. The FCA provides that the United States may intervene in a *qui tam* suit after declining upon a showing of "good cause." 31 U.S.C. § 3730(c)(3). In the Third Circuit *Polansky* decision (which the Supreme Court affirmed "across the board"), the Third Circuit explained that "showing 'good cause' is neither a burdensome nor unfamiliar obligation," but instead "a uniquely flexible and capacious concept, meaning simply a legally sufficient reason." *Polansky v. Exec. Health Res., Inc.*, 17 F.4th 376, 387 (3d Cir. 2021), *aff'd* 599 U.S. 419 (2023).

This flexible standard for evaluating "good cause" applies at any stage in a *qui tam* litigation. *Polansky*, 17 F.4th at 381–82 (noting that "the parties and the District Court invested considerable time and resources in the case"). In upholding the District Court's *qui tam* dismissal in *Polansky*, the Supreme Court recognized that "the Government's interest in the suit is the same [at any stage] – and is the predominant one." *Polansky,* 599 U.S. at 434. *Qui tam*

suits are "brought in the name of the Government" and "the injury they assert is exclusively to the Government." *Id.* at 424–25 (citing § 3730(b)(1)). In other words, the District Court is empowered to allow the United States to intervene in a *qui tam* action, even after it previously declined intervention, when a "legally sufficient reason" to do so exists. *See id.* at 387.

In this case, the United States has good cause to intervene because it seeks to dismiss Relator's SAC. As the Third Circuit concluded in *Polansky*, the United States' request to dismiss the suit "itself establishes good cause to intervene." *Polansky,* 599 U.S. at 429 n.2; *see also United States ex rel. Carver v. Physicians Pain Specialists of Alabama, P.C.*, No. 22-13608, 2023 WL 4853328, at *6 n.4 (11th Cir. July 31, 2023) ("the same grounds that support dismissal also provide good cause to intervene"). Therefore, the United States' motion to intervene should be granted.

**B.    The United States' Motion to Dismiss Relator's FCA Claims Should Be Granted Because It Is Entitled to Dismissal.**

The United States has an interest in dismissing this *qui tam* action and properly moves to do so. Once the United States intervenes in a *qui tam* action, the FCA authorizes it to dismiss such an action, even if the relator objects. 31 U.S.C. § 3730(c)(2)(A). In *Polansky*, the Supreme Court held that Fed. R. Civ. P. 41(a) is the proper standard to evaluate a motion to dismiss under 3730(c)(2)(A). *See* 599 U.S. at 424 ("We . . . hold that in handling such a motion, district courts should apply the rule generally governing voluntary dismissal of suits: Federal Rule of Civil Procedure 41(a)"). If the United States moves to dismiss before the defendants have served an answer or a motion for summary judgment, then dismissal may be accomplished merely by the filing of a "notice of dismissal." Fed. R. Civ. P. 41(a)(1). The district court "has no adjudicatory role" other than to dismiss the action, except where dismissal may implicate constitutional constraints. *Polansky*, 599 U.S. at 436 n.4.; *United States ex rel. Sargent v. McDonough*, No. 1:23-CV-00328-LEW, 2024 WL 809902, at *1 (D. Me. Feb. 26, 2024) (granting 3730(c)(2)(A) motion and noting that "[w]here the motion to dismiss comes before the opposing party serves either an answer or a motion for summary judgment, dismissal is virtually an entitlement.").

Here, after investigating Relator's claims, the United States has determined that dismissal is commensurate with the public interest and that the matter does not warrant the continued expenditure of government resources. The anticipated discovery and litigation obligations associated with the continued litigation of this case will impose an undue burden on the Treasury, the U.S. Department of Energy, and the U.S. Department of Justice. Under *Polansky* and Rule 41(a)(1), the United States is entitled to dismiss this action pursuant to 31 U.S.C. § 3730(c)(2)(A). *See Com. Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1078 (9th Cir. 1999) ("[U]nder Rule 41(a)(1)(i), a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment . . . [T]his 'absolute right' . . . leaves no role for the court to play.") (citations and internal quotations omitted).

**C.    This Motion Does Not Require an In-Person Hearing Because No Constitutional Constraints Are Implicated.**

No Constitutional concerns are raised by the instant motion and therefore no in-person hearing is required. When the United States moves to dismiss pursuant to 3730(c)(2)(A), the relator is entitled to notice and an opportunity for a hearing on the United States' motion. 31 U.S.C. § 3730(c)(2)(A). In *Polansky*, the Supreme Court addressed how to reconcile the relator's right to a hearing with the fact that the district court has no adjudicatory role under Rule 41(a)(1), other than to grant the United States' motion to dismiss when dismissal is sought before the defendant files an answer or a motion for summary judgment. The Supreme Court, citing the Third Circuit's opinion from which *certiorari* was granted, suggested that a hearing might inquire into any allegations that a dismissal "violate[s] the relator's rights to due process or equal protection." *Polansky*, 599 U.S. at 436 n.4. Consistent with Rule 41(a)(1), however, the Supreme Court was careful to emphasize that in the absence of any Constitutional violations, the district court must grant a motion to dismiss under 3730(c)(2)(A) where the United States files such a motion prior to any answer or motion for summary judgment. *See id.*, 599 U.S. at 435 ("If the defendant has not yet served an answer or summary judgment motion, the plaintiff need only file a notice of dismissal.").

Here, the United States is not aware of any such Constitutional concerns in the instant case. Accordingly, no in-person hearing is required in this matter. *See United States v. Smart Holding Corp.*, No. 3:22-CV-02960-SPM, 2024 WL 2019135, at *2 (S.D. Ill. May 6, 2024) ("Gaines had an opportunity to be heard by filing a response to the motion. This is all that is required by the False Claims Act and Rule 41."); *McDonough*, 2024 WL 809902, at *2 (granting 3730(c)(2)(A) motion to dismiss without an in-person hearing).

### III. Conclusion

For the reasons discussed above, the United States respectfully requests that the Court (1) permit the United States to intervene in this matter, as the United States has good cause to do so, and (2) grant the United States' motion to dismiss the FCA allegations in Relator's SAC pursuant to 31 U.S.C. § 3730(c)(2)(A) and Fed. R. Civ. P. 41(a)(1).

Respectfully submitted this 7th day of November 2024.

Respectfully submitted,

JASON M. FRIERSON
United States Attorney

*/s/ Reem Blaik*
REEM BLAIK
Assistant United States Attorney

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| United States of America ex rel. CMB Export, LLC, | Case No.: 2:20-cv-00196-JCM-DJA |
| Plaintiff, | |
| v. | **[Proposed] Order** |
| Tonopah Solar Energy, LLC, et al., | |
| Defendants. | |

The Court having considered the United States' Notice of Intervention and Motion to Dismiss, it is hereby ORDERED that:

(1) Good cause having been shown, the United States' motion to intervene is GRANTED; and

(2) This case is DISMISSED in its entirety with prejudice to Relator and without prejudice to the United States.

Dated: _____

_____
UNITED STATES DISTRICT JUDGE