UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNIED STATES OF AMERICA ex rel. CMB EXPORT, LLC,<br><br>Plaintiff(s),<br><br>v.<br><br>TONOPAH SOLAR ENERGY, LLC, et al.,<br><br>Defendant(s). | Case No.2:20-CV-196  JCM (DJA)<br><br>ORDER |

Presently before the court is plaintiff United States' motion to intervene and dismiss relator CMB Export, LLC's second amended complaint. (ECF No. 61). Relator CMB Export, LLC filed a response in opposition (ECF No. 64), to which the United States replied (ECF No. 66).

**I.     BACKGROUND**

In 2020, relator CMB filed a qui tam action on behalf of the United States under the False Claims Act. (ECF No. 1). CMB's amended complaint alleges defendants submitted fraudulent claims to the Department of the Treasury to secure a $275 million grant. (ECF No. 39 at 31). After initially declining to intervene, the United States later filed a notice of intervention and now moves to dismiss the case pursuant to 31 U.S.C. § 3730(c)(2)(A) and Federal Rule of Civil Procedure 41(a). (ECF No. 61).

**II.    DISCUSSION**

A.  Dismissal under Rule 41

The United States moves to dismiss this action pursuant to 31 U.S.C. § 3730(c)(2)(A) of

the False Claims Act and Federal Rule of Civil Procedure 41(a)(1).  Where, as here, the government previously declined to intervene but later seeks to do so for purposes of dismissal, it must first demonstrate "good cause" to intervene under 31 U.S.C. § 3730(c)(3).  Upon a showing of good cause, the United States assumes primary control of the action and may move to dismiss the case, even over the relator's objection.  *United States ex rel. Polansky v. Executive Health Res., Inc.*, 599 U.S. 419, 430–31 (2023).

Showing good cause is neither a burdensome nor unfamiliar obligation, but instead a uniquely flexible and capacious concept, meaning "simply a legally sufficient reason." *Polansky*, 599 U.S. at 429 n.2.  In applying this standard, the Third Circuit held that the government's rationale for dismissal, standing alone, was sufficient to establish good cause for intervention. *Polansky v. Exec. Health Res. Inc*, 17 F.4th 376, 392–93 (3d Cir. 2021), aff'd sub nom. *Polansky,* 599 U.S. 419.

The Supreme Court in Polansky advises district courts to "think several times over before denying [the government's] motion to dismiss" in a qui tam suit.  *Polansky,* 599 U.S. at 438. "If the government reasonably concludes that the costs of litigation outweigh its benefits, the court should grant dismissal," even if the relator disagrees.  *Id*.  The "government's views are entitled to substantial deference" because a qui tam suit is designed to "vindicate the government's interests" as "the suit alleges injury to the government alone." *Id*. at 437-438.

Here, the United States asserts that dismissal is warranted because continued litigation would impose undue burdens on federal agencies and expend government resources disproportionate to the case's potential benefit.  (ECF No. 61 at 6).  CMB's primary objection is that the government's assertions are unsupported by any evidentiary record.

. . .

A district court owes "substantial deference" to reasons given by the United States to dismiss if it intervenes in the post-answer and post-summary judgment stage. *Polansky,* 599 U.S. at 436. As for the United States' requests for dismissal at the pre-answer and pre-summary judgment stage, the Fourth Circuit has held that the United States is "entitled to even greater deference since no court order is required" for dismissal. *United States ex rel. Doe v. Credit Suisse AG*, 117 F.4th 155, 161 (4th Cir. 2024).

The government's assertions are sufficient to establish good cause because they reflect a reasoned determination that continued litigation would impose undue burdens on the Treasury and Department of Energy. (ECF No. 61 at 6). The government need not provide a detailed evidentiary record to justify its decision, as its explanation that dismissal serves the public interest and conserves resources is a legally sufficient basis for both intervention and dismissal under § 3730(c)(2)(A). Therefore, the court finds that the government has established good cause for intervention and is entitled to dismissal under Rule 41.

### i. Right to a Hearing

Rule 41(a)(1)(A) permits dismissal of an action upon the filing of a notice of dismissal, but the rule is expressly subject to any applicable statute requiring judicial approval of dismissal. Under the False Claims Act the government must provide the relator with notice and an "opportunity for a hearing" before obtaining dismissal over the relator's objection. 31 U.S.C. § 3730(c)(2)(A).

However, courts interpreting this provision after *Polansky* have made clear that the hearing requirement does not entitle the relator to an evidentiary hearing or live testimony in every case. Instead, where no colorable constitutional violation is raised, review of the parties' written submissions satisfies the hearing requirement. *See Doe*, 117 F.4th at 163; *Vanderlan v. United*

*States*, 135 F.4th 257, 266 (5th Cir. 2025); *United States v. Smart Holding Corp.*, No. 3:22-CV-02960-SPM, 2024 WL 2019135, at *2 (S.D. Ill. May 6, 2024).  The Supreme Court held that when the government moves to dismiss under Rule 41(a)(1) before the filing of an answer or motion for summary judgment, the district court has "no adjudicatory role" unless constitutional concerns are implicated.  *Polansky*, 599 U.S. at 437 n.4.

Here, the relator raises no plausible constitutional concerns, such as violations of due process or equal protection, that would warrant judicial inquiry beyond the written record.  Accordingly, the request for a hearing under § 3730(c)(2)(A) is denied.

### III.    CONCLUSION

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the government's motion to dismiss (ECF No. 61) be, and the same hereby is, GRANTED.

DATED July 18, 2025,

_____
UNITED STATES DISTRICT JUDGE